*Tuesday, October 27, 1992*
## MOTION DOCKET

**90–1868.** State v. Combs. *Hamilton County*, No. C–880156. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective October 26, 1992.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

*Wednesday, October 28, 1992*
## MOTION DOCKET

**92–2060.** State ex rel. O'Brien v. Viereck. *Franklin County*, No. 92AP–46. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Franklin County to certify its record. Upon consideration of the joint motion for leave to obtain access to 340, 342 and 344 East State Street,

IT IS ORDERED by the court that said motion for leave to obtain access be, and the same is hereby, granted.

## MISCELLANEOUS DISMISSALS

**92–1857.** Am. Natl. Bank v. Limbach. Board of Tax Appeals, No. 90–J–94. Cause dismissed, on appellant's application to dismiss, effective October 27, 1992.

**92–2036.** State ex rel. Marsh v. Corrigan. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective October 27, 1992.

*Friday, October 30, 1992*
## MISCELLANEOUS DISMISSALS

**92–840.** Farley v. Licking Cty. Court of Common Pleas, Domestic Relations Div. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relator's application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective October 29, 1992.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.